# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-cv-00471-MR

| | |
|---|---|
| LAMATE S. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| EDDIE M. BUFFALOE, Jr., Secretary ) | |
| of Department of Public Safety,[1] ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Lamate S. Anderson pursuant to 28 U.S.C. § 2254 on September 8, 2021. [Doc. 1].

## I.   BACKGROUND

Lamate S. Anderson (the "Petitioner") is a prisoner of the State of North Carolina.  The Petitioner is currently serving a life sentence without parole following a conviction of first-degree murder on March 7, 2013 in the Union

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them.  See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]").  Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

County Superior Court. [Doc. 1 at 1]. The Petitioner filed a direct appeal, and his conviction was affirmed on June 9, 2014. [Doc. 1 at 2]. The Petitioner then sought discretionary review by the North Carolina Supreme Court, and his request was denied on August 19, 2014. [Id.].

The Petitioner filed a post-conviction relief motion in the Union County Superior Court on July 16, 2018 on grounds of newly discovered evidence, which was denied on July 16, 2018. [Doc. 1 at 3]. The Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on May 20, 2021. [Doc. 1 at 4]. The Petitioner filed petition for relief with the United States Court of Appeals for the Fourth Circuit on July 22, 2021, which was dismissed for lack of jurisdiction on August 17, 2021. [Doc. 1 at 4-5].

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus on September 8, 2021 in the Eastern District of North Carolina. [Doc. 1]. The matter was transferred to this Court due to the Petitioner having been convicted and sentenced in the Superior Court of Union County. [Doc. 2]. The Petitioner raises the following grounds in his § 2254 petition: (1) violation of Miranda rights; (2) judicial misconduct; (3) jury pool violated fair cross-section requirement; (4) trial court erred in denying motion for mistrial. [Doc. 1 at 5-10].

## II. DISCUSSION

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

3

The Petitioner's judgment and conviction was entered on March 7, 2013. Following his direct appeal, the North Carolina Supreme Court denied his petition for discretionary review on August 19, 2014. [Doc. 1 at 2]. The Petitioner's judgment became final on or about November 17, 2014, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about November 17, 2015. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). The Petitioner indicates that he filed a post-conviction filing in the Union County Superior Court on July 16, 2018. [Doc. 1 at 3]. However, because the pleading was filed almost three years after the expiration of the statute of limitations contained in the AEDPA, the filing did not toll the limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the

Petitioner's § 2254 petition filed on September 8, 2021 is well beyond the statute of limitations and subject to dismissal unless the Petitioner can show that he is entitled to statutory or equitable tolling. As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. The Petitioner's failure to comply with this Order may result in the dismissal of the Petition without further notice.

(2) The Clerk of Court is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge