UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00471-MR

| | |
|---|---|
| LAMATE S. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| EDDIE M. BUFFALOE, JR., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's response [Doc. 6] to the Court's <u>Braxton</u> Order [Doc. 5] and on the Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. 1].

**I.    BACKGROUND**

Lamate S. Anderson ("Petitioner") is a prisoner of the State of North Carolina. On March 7, 2013, Petitioner was convicted of first-degree murder in the Superior Court of Union County, North Carolina, and is currently serving a life sentence without parole. [Doc. 1 at 1]. Petitioner filed a direct appeal, and his conviction was affirmed on June 9, 2014. [Id. at 2]. Petitioner then sought discretionary review by the North Carolina Supreme Court. His request was denied on August 19, 2014. [Id.].

On July 16, 2018, Petitioner filed a post-conviction relief motion in Union County on grounds of newly discovered evidence. It was denied the same day. [Id. at 3]. Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on May 20, 2021. [Id. at 4]. On July 22, 2021, Petitioner filed a petition for relief in the Fourth Circuit, which was denied for lack of jurisdiction on August 17, 2021. [Id. at 4-5].

On September 8, 2021, Petitioner filed the pending § 2254 Petition for Writ of Habeas Corpus. [Doc. 1]. As grounds for relief under § 2254, Petitioner claims violation of his Miranda rights, judicial misconduct, the jury pool's violation of the fair-cross section requirement, and that the trial court erred in denying his motion for a mistrial. [Id. at 5-10]. On January 3, 2022, following this Court's initial review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 5]. On January 24, 2022, Petitioner timely responded to the Court's Order. [Doc. 6].

II. **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a "properly filed" application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment and conviction was entered on March 7, 2013. Following his direct appeal, the North Carolina Supreme County denied his petition for discretionary review on August 19, 2014. [Doc. 1 at 2]. Petitioner's judgment, therefore, became final 90 days later, on November 17, 2014, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). Under the AEDPA, therefore, Petitioner had one year from

3

November 17, 2014 to file the pending petition. See 28 U.S.C. § 2244(d)(1). Petitioner did not file his petition until September 8, 2021. As such, the Court must dismiss it as untimely unless equitable tolling applies.

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Petitioner argues that the untimeliness of his petition should be excused due to his "negligence, ignorance & mental state." [Doc. 6 at 5]. Petitioner states that despite "plead[ing] insanity" at trial, he was found guilty of first-degree murder after 30 minutes of deliberation. [Id. at 3]. Petitioner also contends that between July 16, 2018 and September 8, 2021, "[his] time should have freezed & started again three to four times to which Due Process gives all inmates to respond to all courts decisions." [Id.]. Finally, Petitioner

claims that he delayed in sending "all paperwork until congestion of circumstances was back to normal operations" after COVID-related lockdowns. [Id.].

Petitioner has failed to meet the very high standard for application of equitable tolling. He has not shown that extraordinary circumstances prevented him from timely filing his petition. Petitioner's misunderstanding of the law, decision to delay sending his petition due to COVID, and insanity defense at trial do not constitute the type of extraordinary circumstances outside his control or egregious misconduct to warrant the application of equitable tolling. Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020). See also United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law does not provide a basis for equitable tolling); Buchnowski v. White, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013) (absence of law libraries is not grounds for equitable tolling). The Court, therefore, will not equitably toll the limitations period here.

Because Petitioner has failed to show timeliness or that he is entitled to equitable tolling, the Court will dismiss his § 2254 petition as untimely.

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss Petitioner's § 2254 Petition for Writ of Habeas Corpus as untimely.

5

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: January 9, 2023

Martin Reidinger
Chief United States District Judge